## ANONYMOUS.

The *St.* 1797, *c.* 35, § 8, respecting depositions *in perpetuam,* has reference o such only as are taken within this State.[4]

Whether it is within the discretionary power of the Court to admit as a foreign depo sition one taken *in perpetuam,* in another State, before any action was pending, *quære.* But such a deposition will not be admitted without proof that the adverse party will not be prejudiced by its admission.

*March 4th.* In the case of a libel for a divorce, *J. T. Austin,* on the part of the libellant, offered in evidence a deposition *in perpetuam,* taken in the State of Maine before the libel was pending and without notice to the libellee.

*Austin* urged that it was admissible as a deposition *in perpetuam,* taken pursuant to *St.* 1797, *c.* 35, § 8 ; or that at least the Court might, within their discretionary power, admit it as a foreign deposition ; or that it might be viewed as a judicial proceeding pursuant to the statute of Maine, which is similar to our own, and so it would be entitled to full faith anc credit here by the constitution and laws of the United States and that if a deposition *in perpetuam* could not, under our statute, be taken in another State, a party would have no means of perpetuating the testimony of a witness living in such State.

*March 11th.* But *per Curiam.* A deposition taken in another State has no force here as a deposition *in perpetuam.* Our statute ap plies only to such as are taken within this State. As this deposition was taken before the libel was pending, we are doubtful whether it is within the discretionary power of the Court to admit it as a foreign deposition. But in a case like this we ought to have some evidence that the adverse party would not be prejudiced if the deposition were admitted. We do not know that he was not within reach of notice.[1] The deposition cannot be received in evidence.

---

[4] The mode of taking depositions *in perpetuam* out of the State, and the manner in which they are to be used within the State, are regulated by the Revised Statutes, *c.* 94, § 40, *et seq.*

See *Welles* v. *Fish, post,* 74.